UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE MURPHY, et al., | Case No. 2:25-cv-02995-DAD-CSK |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| AQUA FINANCE, et al., | |
| Defendants. | |

This action is brought by Plaintiffs Andre Murphy and Murphybey Trust in pro se.[1] (ECF No. 1.) On January 7, 2026, the Court issued an order denying Plaintiff Murphy's motion to proceed in forma pauperis ("IFP") without prejudice and granted Plaintiff Murphy 30 days from the date of the order to pay the filing fee or file a complete and signed IFP application. 1/7/2026 Order (ECF No. 3). The Court also granted Plaintiff Murphybey Trust 30 days from the date of the order to retain counsel and for counsel to promptly file a notice of appearance no later than 35 days from the date of the order. (*Id*.) Plaintiffs did not respond. *See* Docket. On February 24, 2026, the Court issued an Order to Show Cause ordering Plaintiffs to respond in writing within 14 days why this action should not be dismissed for failure to prosecute. 2/24/2026 Order (ECF No. 4).

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

The Court also indicated that if Plaintiff Murphy paid the filing fee or filed a renewed IFP, and Plaintiff Murphybey Trust's counsel filled a notice of appearance in compliance with the Court's January 7, 2026 order, this would discharge the Order to Show Cause. (*Id.*) Plaintiffs did not respond. *See* Docket. The deadline has now passed without any response from Plaintiffs to the Court's February 24, 2026 Order to Show Cause. (*Id.*) Accordingly, the Court recommends dismissal of this action for failure to prosecute.

## I.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);
(4) the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

/ / /

## II.    DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiffs have failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants are somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff Murphy was previously ordered to pay the filing fee or file a renewed IFP, and Plaintiff Murphybey Trust was ordered to retain counsel and for counsel to file a notice of compliance. 1/7/2026 Order; 2/24/2026 Order. Plaintiffs were also provided an opportunity to explain their failure for missing the deadline to comply with the Court's prior order. 2/24/2026 Order. Despite this, Plaintiffs have failed to respond to the Order to Show Cause, Plaintiff Murphy has failed to pay the filing or file a renewed IFP, and Plaintiff Murphybey Trust has failed to retain counsel. Plaintiffs have not participated in this litigation, leaving the Court with little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiffs' own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

/ / /

/ / /

3

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, murp2995.25